■ C. GEORGE BORDEAUX et al., Respondents, v. STENBERG MANUFACTURING CORP. et al., Appellants.— Appeal from an order of the Supreme Court at Special Term which directed a reference of an action for specific performance of a contract for the purchase of certain real and personal property. Plaintiffs contend that their proof of the items of the inventory of the manufacturing business included in the sale will "require the examination of a long account" (Civ. Prac. Act, § 466) and thus that a compulsory reference was proper. Defendants, while asserting that such proof is not that of a "long account" within the intendment of the statute, stated in open court, upon the argument, that they would nevertheless consent to a reference, provided an Official Referee be designated. The parties may, of course, consent to a reference and, under the circumstances of this case, defendants' limitation of their consent seems to us entirely reasonable as plaintiffs have no right to the appointment of a Special Referee, rather than an Official Referee; and with two Official Referees available in the Third Judicial District, in which the action is triable, there appears no reason for imposing upon the litigants the expense of the reference directed by Special Term. We do not, of course, pass upon the controversy as to determination of the cost or value of work in process. Order modified by designating an Official Referee in the place and stead of the Referee therein named, and, as so modified, affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.